IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIMBERLY J. BAILEY                                                                                    PLAINTIFF

vs.                                            Civil No. 6:09-cv-06039

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Kimberly J. Bailey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed her applications for DIB and SSI on June 18, 2007.  (Tr. 12, 41).  Plaintiff alleged she was disabled due to fibromyalgia, chronic headaches, low back, right shoulder, and neck pain, polyarthritis, irritable bowel syndrome, suicidal ideation, depression, and severe anxiety.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

12, 93). Plaintiff alleged an onset date of August 28, 2006. (Tr. 41). Plaintiff's applications were denied initially on July 30, 2007, and were denied at the reconsideration level on October 16, 2007. (Tr. 33, 37).

On November 30, 2007, Plaintiff requested an administrative hearing on her applications. (Tr. 39). This hearing was held on September 8, 2008 in Hot Springs, Arkansas. (Tr. 357-404). Plaintiff was present and was represented by counsel, James Street, at this hearing. *See id.* Plaintiff, and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a GED. (Tr. 362-363).

On October 22, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-24). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 28, 2006. (Tr. 23, Finding 2). The ALJ determined Plaintiff had the following severe impairments: central disc protrusion at C4-C5, right shoulder acrominoplasty, headaches, major depression, and anxiety disorder. (Tr. 23, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 23, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-22). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 18-19). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained

2

the RFC to perform light work. (Tr. 23, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 23, Findings 6, 7). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 397-401). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a data entry clerk. (Tr. 22). The ALJ determined, considering her RFC, that Plaintiff would be able to perform this PRW. (Tr. 23, Finding 7). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, through the date of the ALJ's decision or through October 22, 2008. (Tr. 24, Finding 8).

On October 29, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On April 17, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On May 5, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on May 15, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination, (B) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, (C) the ALJ failed to fully and fairly develop the record, and (D) the ALJ erred in his evaluation of Plaintiff's subjective complaints.  In response, Defendant argues: (A) the ALJ properly determined the Plaintiff's RFC, (B)the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, (C) the ALJ fully and fairly developed the record, (D) the ALJ properly considered Plaintiff's subjective complaints. This Court will address each of Plaintiff's arguments.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed

RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ Plaintiff had the RFC for lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighting up to ten pounds; standing and walking with normal breaks for a total of about six hours in an eight-hour workday, and sitting with normal breaks for a total of about six hours in an eight-hour workday. (Tr. 23, Finding 5). The ALJ also found the Plaintiff was limited in her ability to operate hand and foot controls and perform overhead lifting due to problems with her right shoulder. Additionally the ALJ found Plaintiff could occasionally perform climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 23, Finding 5). The Plaintiff was also limited to work where interpersonal contact is only routine but superficial; complexity of tasks is learned by experience with several variables, and use of judgment within limits; and supervision required is little for routine but detailed for non-routine. (Tr. 23, Finding 5).

Plaintiff claims substantial evidence does not support the ALJ's RFC determination. Plaintiff relies on the opinions of treating physicians Dr. Roy Puen and Dr. Kenneth Vest in support of her position that the ALJ erred in his RFC determination. (Doc. No. 7, Pgs. 12-13). Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. (Doc. No. 8, Pgs. 8-13).

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Dr. Puen treated Plaintiff from October 26, 2006 through August 18, 2008. (Tr. 228-240, 340-352). On September 1, 2008, Dr. Puen completed a Physical Residual Functional Capacity Questionnaire. (Tr. 353-356). According to Dr. Puen, Plaintiff could walk only two to four blocks without rest or causing severe pain. (Tr. 354). Dr. Puen also indicated Plaintiff could sit only two hours in an eight-hour workday, and could stand or walk less than two hours in an eight-hour work day. (Tr. 354). Dr. Puen also indicated Plaintiff would need to take unscheduled breaks for five to ten minutes, every 30 minutes, during an eight-hour workday, and would be absent an average of four days a month. (Tr. 354, 356). Additionally, Dr. Puen found Plaintiff should never twist, stoop, crouch, squat, or climb stairs. (Tr. 355).

The ALJ found "absolutely" no support in the record for Dr. Puen's opinions in his Physical Residual Functional Capacity Questionnaire. (Tr. 16). However, the ALJ failed to give good

7

reasons for discrediting Dr. Puen's opinions. The ALJ begins by stating the Plaintiff's x-rays and MRI does not support Dr. Puen's opinions. (Tr. 16). However, the x-ray of Plaintiff's back was taken in 2006 (Tr. 158) and Plaintiff has never undergone a lumbar MRI. Furthermore, the ALJ, in discounting the Plaintiff's cervical MRI, failed to include that the report did find a central disc protrusion. (Tr. 238).

The ALJ also stated that even prior to Plaintiff's rotator cuff repair, "it is hard to believe that her shoulder impairment would have restricted her ability to sit to only 15 minutes or to stand to less than two hours per day," as Dr. Puen indicated in his assessment. (Tr. 16). However, an ALJ may not substitute his opinion for those of a claimant's treating physician. *See Ness v. Sullivan*, 904 F2d 432,435 (8th Cir. 1990).

Finally, the ALJ discounted Dr. Puen's assessment based on Plaintiff's daily activities of taking care of her ill mother and buying groceries. (Tr. 16). However, a claimant need not spend all of her time in bed or be unable to perform some household chores to suffer disabling pain. *See Ludden v. Bowen*, 888 F2d 1246,1248 (8th Cir. 1989).

The Defendant argues in his brief some points in support of the argument that the ALJ performed a proper review of Dr. Puen's assessment. (Doc. No. 8, Pg. 11). These included: (A) from October 2006 through September 2007, Plaintiff's examinations were generally within normal limits and neurologically intact, (B) Dr. Puen's records from October 2007 through August 2008 showed Plaintiff's physical examinations were generally within normal limits, and (C) on the day of the administrative hearing, Plaintiff remained seated for an hour without needing to stand up or ask for breaks. However, these points were not discussed by the ALJ.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled

8

because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician Dr. Puen.[2] Because the ALJ did not properly review the opinions of Plaintiff's treating physician, Dr. Puen, this case should be reversed and remanded for proper review and analysis of Dr. Puen's opinions. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **22nd day of June, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] The ALJ was correct in disregarding the opinions of Dr. Vest. As the ALJ pointed out, Dr. Vest performed a Mental Residual Functional Capacity Questionnaire and stated Plaintiff had a GAF of 60. Dr. Vest stated 60 was the highest GAF score for the past year for the Plaintiff. (Tr. 278). However, the record shows Dr. Vest never gave Plaintiff a GAF score below 75 during the time from July 26, 2006 through June 23, 2008. (Tr. 178, 186, 189, 192, 195, 202, 205, 289, 292, 301, 306, 316).

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.